## Leshkow v. Temenoff

*Adam A. Gorski*, for plaintiff.
*Gerald J. Weber*, for defendant.

LAUB, J., November 6, 1953.—This is a petition to set aside a judgment of non pros.

On March 31, 1953, plaintiff secured a judgment in the amount of $117.70 against defendant in an alderman's court in the City of Erie. An appeal was taken by defendant to this court and, on April 13, 1953, plaintiff was notified of the appeal by registered mail and that he would suffer a judgment of non pros if he did not file his complaint within 15 days.

Within three days plaintiff retained the services of attorney George Schroeck and paid him a retaining fee. The matter rested without action until April 29, 1953, when counsel for defendant entered judgment of non pros. On August 31, 1953, plaintiff secured new counsel, who then presented the petition which now occupies our attention.

As a general rule we are hesitant about setting aside judgments of *non pros*, believing that there must be some end to litigation and that defendants must be afforded some protection against delay. We have, however, upon several occasions found it necessary to set

aside such judgments where they have been entered as a result of the negligence of counsel. We have done this in the belief that a diligent litigant ought not to be punished by the incompetence of his counsel unless the party, himself, has been at fault in the matter. In the present case, plaintiff was reasonably diligent in seeking counsel initially.

Since more than three months elapsed subsequent to the time plaintiff hired Schroeck and the time plaintiff made further inquiry and secured new counsel, he has not exhibited the diligence required of him, although this defect is mitigated somewhat by his prompt engagement of counsel after the appeal was taken. Plaintiff may be said to be somewhat at fault in delaying engagement of new counsel and should be required to bear some share of the responsibility. This can equitably be accomplished by the order we are about to make. The statute of limitations has not expired and therefore, even though we were to sustain defendant's position, plaintiff could, by paying the costs in this case, initiate a new action. It is therefore our feeling that plaintiff may have the judgment stricken off but he must also pay all accrued costs to date. Defendant would at least be entitled to this much if we allowed the judgment to remain.

### Order

And now, to wit, November 6, 1953, the rule entered August 31, 1953, to show cause why judgment of non pros should not be stricken off is discharged unless plaintiff pay all accrued costs to date within 15 days. Upon the payment of all such costs as herein prescribed and upon the filing of a complaint within that time, the judgment is stricken off. Costs paid in accordance with this order shall not be subject to recovery by plaintiff at the termination of the litigation whatever its result.